UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CHAROLETTE BROWNING ET AL** | * | **CIVIL ACTION NO. 2:15-CV-419** |
| | * | |
| | * | |
| **V.** | * | **JUDGE MINALDI** |
| | * | |
| **STATE FARM MUTUAL AUTOMOBILE** | * | |
| **INSURANCE CO** | * | **MAGISTRATE JUDGE KAY** |

**************************************************************************

<u>**MEMORANDUM RULING**</u>

Before the court is a Motion for Partial Summary Judgment (Rec. Doc. 8) filed by the defendant, State Farm Mutual Automobile Insurance Company ("State Farm"). An Opposition (Rec. Doc. 12) was filed by the plaintiffs, Charolette Browning and ET Browning. For the following reasons, the motion (Rec. Doc. 8) is **GRANTED**.

## FACTS & PROCEDURAL HISTORY

On May 24, 2013, Mrs. Browning was stopped at a traffic signal while driving in Lake Charles, Louisiana.[1] When the traffic signal turned green, Mrs. Browning began making a left turn when she was struck by a car driven by Teresea A. Everett.[2] Mrs. Browning suffered severe injuries to her back, neck, and right shoulder, along with right hip, right leg and chest pain as a result of the crash.[3] Mrs. Browning was treated for her injuries in an emergency room, and released later that day.[4]

On June 17, 2013, Mrs. Browning saw Dr. W. Gerry Hebert and complained of continued pain and discomfort related to the accident.[5] Mrs. Browning began physical therapy on July 10,

---

[1] Pet. for Damages (Rec. Doc. 1-2) ¶ 4.
[2] *Id.* Both parties agree that Ms. Everett was the driver of the at-fault vehicle. *See* Statement of Uncontested Material Facts (Rec. Doc. 8-4) ¶ 2.
[3] Pet. for Damages (Rec. Doc. 1-2) ¶ 6.
[4] *See* Ex. 1, Emergency Room Records (Rec. Doc. 12-4).
[5] Ex. 2, Dr. Hebert Records (Rec. Doc. 12-5), at 2-3.

1

2013, for injuries related to the accident.[6] On July 25, 2013, Mrs. Browning saw Dr. Jeffrey A. Kozak, an orthopedic surgeon, to discuss her injuries.[7] Dr. Kozak noted that the accident severely aggravated Mrs. Browning's underlying back problems.[8] On August 22, 2013, Mrs. Browning discontinued her physical therapy[9] because her condition had shown improvement and she no longer believed the physical therapy was making a big difference.[10] On March 10, 2014, Mrs. Browning saw Dr. Hebert and complained of worsening back pain,[11] and on March 18, 2014, Mrs. Browning resumed her physical therapy.[12] Thereafter, Mrs. Browning consulted Dr. Kozak about her persisting back injuries,[13] and on July 29, 2014, Dr. Kozak performed back surgery on Mrs. Browning.[14]

On November 4, 2014, State Farm received a demand letter, attached to which were medical records including the surgery report, from Mrs. and Mr. Browning seeking medical expenses totaling $153,528.[15] On May 20, 2015, Dr. Kozak was deposed and testified about the connection between the accident and Mrs. Browning's surgery.[16] On June 19, 2015, State Farm issued and delivered tenders of $255,930 to Mrs. Browning and $25,000 to Mr. Browning.[17]

A petition for damages was filed in the Fourteenth Judicial District Court for the Parish of Calcasieu on January 5, 2015.[18] The case was removed on February 23, 2015.[19] The instant motion was filed on October 27, 2015.[20]

---

[6] Ex. 4, Physical Therapy Records (Rec. Doc. 12-7), at 1-2.
[7] Ex. 3, Dr. Kozak Records (Rec. Doc. 12-6), at 1.
[8] *Id.*
[9] Ex. 4, Physical Therapy Records (Rec. Doc. 12-7), at 3.
[10] Ex. 5, Depo. of Charolette Browning (Rec. Doc. 12-8), at 37-38.
[11] Ex. 2, Dr. Hebert Records (Rec. Doc. 12-5), at 5-6.
[12] Ex. 4, Physical Therapy Records (Rec. Doc. 12-7), at 4-5.
[13] Ex. 3, Dr. Kozak Records (Rec. Doc. 12-6), at 2-5.
[14] *Id.* at 6-9.
[15] Statement of Uncontested Material Facts (Rec. Doc. 8-4) ¶ 14; *see also* Ex. 6, Demand Letter (Rec. Doc. 12-9). The total amount demanded in the letter was $403,528. Ex. 6, Demand Letter (Rec. Doc. 12-9), at 5.
[16] *See* Ex. E, Depo. of Dr. Jeffrey A. Kozak (Rec. Doc. 8-2).
[17] Statement of Uncontested Material Facts (Rec. Doc. 8-4) ¶ 16.
[18] Pet. for Damages (Rec. Doc. 1-2).

## LAW & ANALYSIS

A grant of summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A dispute is said to be "genuine" only where "a reasonably jury could return a verdict for the non-moving party." *Dizer v. Dolgencorp, Inc.*, No. 3:10-cv-699, 2012 U.S. Dist. LEXIS 24025, at *16 (W.D. La. Jan. 12, 2012) (citing *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006)). In ruling upon a motion for summary judgment, the district court shall draw all inferences in a light most favorable to the nonmoving party. *Id.* at *3 n.1 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (additional citation omitted)). "Rule 56[(a)] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to a party's case, and on which that party will bear the burden of proof at trial." *Webber v. Christus Schumpert Health Sys.*, No 10-1177, 2011 U.S. Dist. LEXIS 99235, at *14 (W.D. La. Sept. 2, 2011) (citing *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004)). "The non-movant cannot preclude summary judgment by raising 'some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions, or by only a scintilla of the evidence.'" *Cormier v. W&T Offshore, Inc.*, No. 10-1089, 2013 U.S. Dist. LEXIS 53416, at *18-19 (W.D. La. Apr. 12, 2013) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

### BAD FAITH CLAIMS

State Farm seeks partial summary judgment dismissing the arbitrary and capricious and bad faith claims against it. The plaintiffs assert that State Farm failed to make reasonable tender after sufficient proof of loss was submitted, and thus they are entitled to penalties and attorney

---

[19] Notice of Removal (Rec. Doc. 1).
[20] Mot. for Summ. J. (Rec. Doc. 8).

fees under LA. REV. STAT. § 22:1892 and § 22:1973. State Farm argues that it was entitled to investigate whether the July 29, 2014, surgery by Dr. Kozak was legally caused by the accident, and that it acted in good faith.

To recover penalties or attorney fees under either LA. REV. STAT. § 22:1892 or § 22:1973, the insured must prove that the insurer (1) received satisfactory proof of loss, (2) failed to pay within the required time (either thirty or sixty days) of receipt thereof, and (3) acted in an arbitrary and capricious manner. *Krantz v. State Farm Fire & Cas. Co.*, No. 15-56-JJB-RLB, 2015 WL 7568657, at *4 (M.D. La. Nov. 24, 2015) (citing *Dominio v. Allstate Ins. Co.*, No. 09-7348, 2010 WL 4066647, at *4 (E.D. La. Oct. 15, 2010)). Courts interpret "arbitrary and capricious" as synonymous with "vexatious." *Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 297 (5th Cir. 2009). A "'vexatious refusal to pay' means unjustified, without reasonable or probable cause or excuse." *Id.* (quoting *Reed v. State Farm Mut. Auto Ins. Co.*, 2003-0107 (La. 10/21/03); 857 So.2d 1012, 1021). "An insurer does not act arbitrarily and capriciously, however, when it withholds payment based on a genuine (good faith) dispute about the amount of a loss or the applicability of coverage." *Id.* at 297-98. Whether an insurance company's dispute was in good faith is a factual determination. *Id.* at 300.

The first two elements have been satisfied. The November 4, 2014, demand letter seeking payment for the surgery constituted proof of loss, and State Farm did not deliver undisputed portions of the claim to Mrs. Browning until June 19, 2015, over seven months after it received proof of loss. The key issue is whether State Farm acted arbitrarily and capriciously by withholding payment during that period. The record shows that Mrs. Browning had an underlying back problem that was aggravated by the accident. Mrs. Browning discontinued her physical therapy in August 2013, in large part because her condition had significantly improved,

4

and did not see Dr. Hebert about her injuries or resume physical therapy until March 2014. The surgery did not take place until July 29, 2014. In his deposition, Dr. Kozak testified that the link between the accident and the surgery "all comes down to the degree of causation."[21] The court finds that there was a genuine dispute as to whether the accident was the legal cause of the surgery, and thus State Farm was acting in good faith when it withheld payment.

Lake Charles, Louisiana, this 19 day of February, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[21] "Well, I think it all comes down to the degree of causation. I mean if there was not significant aggravation in her condition it's not related. You know, it's just kind of like an accident causes an injury and an injury causes symptoms. So if there's not any increased symptomatology at the time of the accident, it's not related. If there is increased symptoms for a short period of time and, then, the symptoms go away and the patient's totally asymptotic for a period of months, it's not related.
If she is partially symptomatic after the accident and that partial symptomatology continues and then there's worsening, then we're dealing with two different issues. We're dealing with a previously existing problem that was aggravated and then a spontaneous worsening not related to the accident.
So it's all going to come down, in my opinion – I'm sure I'm being narrative here – for the jury to decide what degree of increase in her symptoms occurred at the time of the accident and how persistent were they." Ex. E, Depo. of Dr. Jeffery A. Kozak (Rec. Doc. 8-2), at 33.